UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 19-4272-MWF (SKx)      **Date:** July 8, 2020
**Title:** In Re Stamps.com Inc. Stockholder Derivative Litigation

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:      Court Reporter:
Rita Sanchez      Not Reported

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
None Present      None Present

**Proceedings (In Chambers):**      ORDER RE: NOMINAL DEFENDANT STAMPS.COM INC.'S NOTICE OF MOTION TO TRANSFER [33]

Before the Court is Nominal Defendant Stamps.com Inc.'s ("Stamps" or the "Company") Motion to Transfer ("Motion"), filed on March 12, 2020. (Docket No. 33). On April 30, 2020, Plaintiffs Joey Hill and Michael Rado filed an Opposition. (Docket No. 35). On May 21, 2020, Stamps filed a Reply. (Docket No. 36).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on June 15, 2020.

For the reasons discussed below, the Motion is **GRANTED**, and the case is transferred to the District of Delaware. Pursuant to the forum selection clause in the Bylaws, Plaintiffs are required to bring derivative actions and actions asserting a claim of breach of fiduciary duty in the Court of Chancery in the State of Delaware or the district court for the District of Delaware. While a forum selection clause may be unenforceable under a narrow set of exceptions, Plaintiffs have failed to meet their burden to demonstrate that such exceptions apply here.

**I. BACKGROUND**

**A. Procedural History**

On May 16, 2019, Plaintiff Hill filed a shareholder derivative complaint for the benefit of nominal defendant Stamps. (Case No. 2:19-cv-4272-MWF-SK ("Hill

---

**CIVIL MINUTES—GENERAL**      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-4272-MWF (SKx)                    **Date:**  July 8, 2020
**Title:**     In Re Stamps.com Inc. Stockholder Derivative Litigation

Action"), Docket No.1 ("Hill Complaint")).  On May 21, 2019, Plaintiff Rado filed a separate shareholder derivative complaint for the benefit of nominal defendant Stamps based on similar allegations.  (Michael Rado v. Kenneth T. McBride, et al., Case No. 2:19-cv-4416-MWF-SK ("Rado Action"), Docket No. 1 ("Rado Complaint")).  On June 25, 2019, the two actions were consolidated into the present action ("Consolidated Derivative Action").  (Docket No. 25 at 2).  The parties were further ordered to file a consolidated Complaint.  (*Id.*).

On July 19, 2019, the parties filed a stipulation to stay the action pending the Court's ruling on a motion to dismiss in a related putative securities class action. (Docket No. 26).  The stipulation further stated that the parties disagreed as to the proper forum for the case and that Defendants intended to move to transfer this action upon the lifting of the stay.  (*Id.* at 2).  On July 22, 2019, the Court granted the stipulation, and the action was stayed.  (Docket No. 26 at 6; Docket No. 27).

On January 17, 2020, the Court issued a ruling on the defendant's motion to dismiss in the related action, and the stay was lifted in this action on February 18, 2020. (*See* Docket No. 26 at 7).  With the Court's permission, Defendants filed the present Motion to Transfer without first filing an answer.  (*See* Docket No. 31, 32).

### B.    Allegations in Complaints

Plaintiffs have not yet filed a consolidated complaint.  However, it appears that the allegations in the Hill Complaint and Rado Complaint are largely similar.

Hill, on behalf of Stamps, brings a shareholder derivative suit against Stamps' current and former directors Mohan P. Ananda, David C. Habiger, G. Bradford Jones, Kenneth T. McBride, and Theodore R. Samuels, II.  (Hill Complaint ¶¶ 1, 5-14).  Hill asserts the following derivative claims against Defendants: (1) breach of fiduciary duties; (2) unjust enrichment; (3) abuse of control; (4) waste of corporate assets; (5) violations of the Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5; and (6) violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  (*Id.* ¶¶ 68-102).  Hill did not make any pre-suit demands on the Board of Stamps and instead alleged demand futility. (*Id.* ¶¶ 38–47).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-4272-MWF (SKx)                **Date:**  July 8, 2020
 **Title:**      In Re Stamps.com Inc. Stockholder Derivative Litigation

Rado brings a separate shareholder derivative suit against the same Defendants based on largely similar allegations. (*See generally* Rado Complaint). He similarly did not make any pre-suit demands on the Board, but instead alleged demand futility. (*Id.* ¶¶ 48-51). He also asserts the same claims for relief except for the claim for abuse of control. (*Id.* ¶¶ 56-87).

### C.      Additional Information Relevant to Venue

In addition to the allegations in the Complaints, Stamps has set forth additional information relevant to the determination of proper venue.

Along with its Motion, Stamps provides a copy of the Amended and Restated Bylaws of Stamps.com Inc., filed with the Securities Exchange Commission ("SEC") on November 9, 2018. (Declaration of Richard Zelichov ("Zelichov Decl."), ¶ 2, Ex. 1 ("Bylaws") (Docket No. 33-1)). The Bylaws contains the following forum selection clause:

> **Section 7. Exclusive Forum.** Unless the Corporation consents in writing to the selection of an alternative forum, *the sole and exclusive forum for (a) any derivative action or proceeding brought on by or in the right of the Corporation, (b) any action asserting a claim of breach of a fiduciary duty owed by any current or former director, officer* or other employee or stockholder of the Corporation to the Corporation or the Corporation's stockholders, (c) any action asserting a claim arising pursuant to any provision of the DGCL, the Certificate, or these Bylaws or as to which the DGCL confers jurisdiction on the Court of Chancery in the State of Delaware, or (d) any action asserting a claim governed by the internal affairs doctrine, *shall be the Court of Chancery in the State of Delaware (or, if the Court of Chancery does not have jurisdiction, the federal district court for the District of Delaware)*. Any person or entity purchasing or otherwise acquiring any interest in shares of capital stock of the Corporation shall be deemed to have notice of and to have consented to the provisions of this Section 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4272-MWF (SKx)                   Date:  July 8, 2020
Title:    In Re Stamps.com Inc. Stockholder Derivative Litigation

(Stamps Bylaws, Art. VII § 7) (emphasis added).

Pursuant to Stamps' certificate of incorporations, the Board of Directors has the authority to make, alter, or repeal the Bylaws. (*See* Zelichov Decl. ¶ 5, Ex. 4 ("1999 Amended and Restated Certificate of Incorporation"), Art. V) ("The Board of Directors of the Corporation is expressly authorized to make, alter, or repeal Bylaws of the Corporation."); Zelichov Decl. ¶ 3, Ex. 2 ("2008 Amended and Restated Certificate of Incorporation"), Art. V ("[T]he Board of Directors is expressly authorized to make, repeal, alter, amend and rescind any or all of the Bylaws of the Corporation.").

On November 7, 2018, the Board of Directors adopted the above Bylaws with the forum selection clause. (Motion at 2; Zelichov Decl. ¶ 4, Ex. 3 at 39, 41).

### D.    Other Related Derivative Cases

Stamps also assert that there are two related derivative actions pending against Defendants, one in the Delaware Chancery Court and another in the District of Delaware.

First, Stamps shareholder City of Cambridge Retirement System filed a derivative complaint in the Delaware Chancery Court against Stamps and former and current directors and officers of Stamps (the "Chancery Derivative Case") on August 19, 2019. (Zelichov Decl. ¶ 6). Stamps asserts that there is a fully pending motion to dismiss, which was scheduled for oral argument on May 21, 2020. (*Id.*).

Second, Stamps shareholder Barton Craig Harvey filed a derivative complaint in the District of Delaware on October 3, 2019 against Stamps and former and current directors and officers of Stamps. (*Id.* ¶ 7). The complaint alleges claims for violation of Section 10(b) and Rule 10b-5, Section 20(a), breaches of fiduciary duty, unjust enrichment, and waste. (*Id.*). Pursuant to a stipulation between the parties, this action was stayed pending a resolution of the action in the Chancery Derivative Case. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4272-MWF (SKx)               Date:  July 8, 2020
Title:        In Re Stamps.com Inc. Stockholder Derivative Litigation

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atlantic Marine*, 571 U.S. at 63 (internal quotation marks and citation omitted). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62. Unlike the situation where there is no forum-selection clause, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 64. "The plaintiff's subsequent choice of forum merits no weight." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018) (citing *Atlantic Marine*, 571 U.S. at 63–64). Moreover, "[a] court . . . must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atlantic Marine*, 571 U.S. at 64.

While a district court may consider arguments about public-interest factors, "those factors will rarely defeat a transfer motion," and "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

## III.   DISCUSSION

As a preliminary matter, the Court notes that Plaintiffs' Memorandum of Points and Authorities in Opposition to the Motion is not correctly paginated. Accordingly, the Court refers to the file-stamped page numbers in the header in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-4272-MWF (SKx)                **Date:**  July 8, 2020
**Title:**       In Re Stamps.com Inc. Stockholder Derivative Litigation

Stamps argues that the action should be transferred the District of Delaware pursuant to the forum selection clause in its Bylaws.  (*See generally* Motion).  As noted above, the forum selection clause provides, in relevant part:

> **Exclusive Forum.**  Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (a) ***any derivative action or proceeding brought on by or in the right of the Corporation***, (b) ***any action asserting a claim of breach of fiduciary duty owed by any current or former director, officer*** or other employee or stockholder of the Corporation . . . shall be the Court of Chancery in the State of Delaware (or, if the Court of Chancery does not have jurisdiction, the federal district court for the District of Delaware).

(Bylaws, Art. VII, § 7) (emphasis added).  Because both Hill and Rado bring derivative actions on behalf of Stamps and and assert a claim of breach of fiduciary duty owed by current and former directors, Stamps argues that the forum clause clearly encompasses this action.  Plaintiffs do not dispute this fact.

Instead, they argue that the forum selection clause should not be enforced here because (1) it was enacted after the alleged wrongdoing and (2) the case will likely be stayed if it is transferred to the District of Delaware.  (Opp. at 4-8).

"The enforceability of forum selection clauses is governed by federal law." *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013).  Under federal law, "forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)) (internal quotation marks omitted).  Here, Plaintiffs have failed to meet their burden of showing that the provision is unreasonable under the circumstances.

Pursuant to *Argueta*, a forum selection clause is "unreasonable" if:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4272-MWF (SKx)            Date:  July 8, 2020
Title:       In Re Stamps.com Inc. Stockholder Derivative Litigation

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta*, 87 F.3d at 325 (internal citations & quotation marks omitted).

Here, Plaintiffs do not organize their Opposition around the *Argueta* factors and it is not clear which factor(s) they assert here.  Therefore, the Court examines all three factors below.

### A.    Fraud, Undue Influence, or Overweening Bargaining Power

First, Plaintiffs have failed to demonstrate that the forum selection clause was the result of fraud, undue influence, or overweening bargaining power.

Plaintiffs appear to argue that the incorporation of the clause was a result of fraud or overweening bargaining power because the clause was adopted on November 7, 2018—after the plaintiffs purchased their shares and after the alleged wrongdoing occurred.  (Opp. at 7).  They primarily rely on *Galaviz v. Berg*, 763 F. Supp. 2d 1170, 1174 (N.D. Cal. 2011), which held that a forum selection clause was not enforceable against stockholders who purchased shares prior to the clause's adoption.  In particular, the court reasoned that there was no mutual assent between the shareholder and the company because "the venue provision was unilaterally adopted by the directors who are defendants in this action, after the majority of the purported wrongdoing is alleged to have occurred, and without the consent of existing shareholders who acquired their shares when no such bylaw was in effect." *Id.*

However, as Respondents note, *Galaviz* has been criticized and rejected by multiple courts.  (Reply at 3) (citing cases).  These cases held that a forum selection clause could be enforced against stockholders even if the clause was adopted after the shareholders bought the shares and even after the alleged wrongdoing.  (*See id.*).  This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-4272-MWF (SKx)                    Date:  July 8, 2020**
**Title:        In Re Stamps.com Inc. Stockholder Derivative Litigation**

is so because the shareholders were on notice that a corporation's board could unilaterally adopt a forum-selection bylaw when they bought their shares.  (*See id.*).  The Court finds this reasoning to be more persuasive.

In particular, the Court notes that all of Plaintiffs' arguments were carefully considered and rejected by the court in *In re: CytRx Corp. Stockholder Derivative Litigation*.  No. CV14-6414-GHK (PJWx), 2015 WL 9871275 (C.D. Cal. Oct. 30, 2015).  There, the plaintiff shareholders similarly relied on *Galaviz* to argue that they should not be subjected to a forum selection clause contained in the bylaw.  *Id.* at *2.  The court rejected this argument because the plaintiffs contractually consented to the board's ability to make unilateral changes to the bylaws, including adding a forum selection clause, when they bought their shares.  *Id.*

The court further reasoned that the board's ability to unilaterally adopt bylaws was permitted under Delaware law.  Even though the enforceability of forum selection clauses is governed by federal law, the court noted that "[s]tate law is relevant *within* the federal law framework" because the court could not "make an intelligible decision about the validity of a Delaware corporation's forum-selection bylaw under federal law without understanding the contractual relationship Delaware law has assigned to the Parties in this context."  *Id.* *3.  After examining several cases, the court concluded that "Delaware law clearly allows a corporation's board to unilaterally adopt bylaws if the corporation's certificate of incorporation gives the board that power."  *Id.*  "And according to Delaware law, when shareholders buy stock in such a corporation, they have contractually consented to the board's ability to make such unilateral decisions for the purposes of corporate governance."  *Id.*  Therefore, the court concluded that "the timing of a forum-selection clause's adoption does not dictate the clause's validity."  *Id.* at *5.

The same reasoning applies here.  The plaintiffs bought Stamps' stocks after they were on notice that the Board of Directors had the authority to unilaterally adopt bylaws.  Plaintiff Rado allegedly purchased his shares on August 10, 2016.  (Rado Complaint ¶ 11).  This is well after August 8, 2008, when the 2008 Amended and Restated Certificate of Corporation was filed with the SEC.  (Zelichov Decl. ¶ 3).

| **CIVIL MINUTES—GENERAL** | 8 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-4272-MWF (SKx)              Date:  July 8, 2020**
**Title:       In Re Stamps.com Inc. Stockholder Derivative Litigation**

Plaintiff Hill does not allege when he purchased his shares.  (*See generally* Hill Complaint).  However, Stamps assert that even its prior certificate of corporation, which was in effect at the time of Stamps' initial public offering, vested the Board of Directors with the authority to adopt bylaws.  (Motion at 11, n.6).  Therefore, Plaintiffs contractually consented to the board's ability to make such unilateral decisions for the purposes of corporate governance when they bought their shares.

Plaintiffs attempt to distinguish *CytRx* by noting that the forum selection clause there was enacted ***before*** the alleged wrongdoing, while the clause here were enacted ***after*** the alleged wrongdoing.  (Opposition at 7).  This argument is not persuasive for several reasons.  As an initial matter, the *CytRx* court emphasized that the timing of the adoption of the bylaw relative to the alleged wrongdoing is of no import.  *See CytRx*, 2015 WL 9871275, at *5 (C.D. Cal. Oct. 30, 2015) ("Even if the Complaint clearly alleged that the board had adopted the bylaw after Defendants' purported wrongdoing, *Chemed* shows that there are still good reasons for enforcement. . . . Thus, the timing of a forum-selection clause's adoption does not dictate the clause's validity.").

Moreover, several courts have examined and rejected this precise argument.  *See e.g., North v. McNamara* ("*Chemed*"), 47 F. Supp. 3d 635, 644-45 (S.D. Ohio 2014) ("[T]he forum-selection bylaw does not become unenforceable simply because it was adopted after the purported wrongdoing. . . . There must be something more than mere speculation of improper purpose based upon the timing."); *Butorin on behalf of KBR Inc. v. Blount*, 106 F. Supp. 3d 833, 842-843 (S.D. Tex. 2015) (rejecting *Galaviz* and enforcing a forum selection bylaw adopted after the plaintiff purchased shares and after the board allegedly became aware that there were issues with previously reported financial statements "because the shareholders were on notice that the bylaws could be amended"); *In re Plains All Am. Derivative Litig.*, No. CV H-15-3632, 2016 WL 6634929, at *4 (S.D. Tex. Nov. 8, 2016) ("Plaintiffs were on notice that the Agreement could be amended unilaterally when they acquired their units. Thus, the timing of the alleged wrongdoing does not render the Forum–Selection Clause unenforceable.").

Plaintiffs cite one additional case, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 463 (S.D.N.Y. 2013), to argue that the timing of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4272-MWF (SKx)                    Date:  July 8, 2020
Title:       In Re Stamps.com Inc. Stockholder Derivative Litigation

adoption of the bylaw matters.  (Opp. at 7).  However, that case distinguishable.  As the *CytRx* court explained, "[t]he forum-selection clause at issue there was not enforceable because Facebook's **certificate of incorporation**, which contained the clause, did not go into effect until after the claims in the case arose."  *CytRx*, 2015 WL 9871275, at *2, n.2 (citing *In re Facebook,* 922 F. Supp. 2d at 463) (emphasis added).  In contrast, here, it is undisputed that a valid certificate of incorporation was in effect when both Plaintiffs bought their shares.  Because Plaintiffs were on notice that the Board could make changes to the Bylaws when they bought their shares, *In re Facebook* is inapposite.

Indeed, other courts have distinguished *In re Facebook* on this exact basis.  *See CytRx*, 2015 WL 9871275, at *2, n.2 (declining to follow *In re Facebook* based on the same reasoning); *Butorin*, 106 F. Supp. 3d at 839 (S.D. Tex. 2015) ("While the instant case, like *In re Facebook*, involves a forum selection clause that was not in effect at the time the shareholder purchased his stock, it is different in that the forum selection clause here was in bylaws, not the certificate of incorporation itself, and the amended certificate of incorporation that was in effect gave the Board the power to unilaterally change the bylaws."); *In re Plains All Am. Derivative Litig.*, 2016 WL 6634929, at *4 ("Subsequent cases [after *In re Facebook* was decided] have reasoned that the relevant timing inquiry is when plaintiffs had notice that they were subject to unilateral amendment.").

Therefore, Plaintiffs have failed to demonstrate that the forum selection clause is unenforceable due to the timing of its enactment.  Because both Plaintiffs were on notice that the Board could unilaterally amend the Bylaws, the fact that the forum selection clause was adopted after they bought their shares, or even after the alleged wrongdoing occurred, does not make it unenforceable.

B. **Convenience of Forum**

Plaintiffs also have not carried their burden of showing that "the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4272-MWF (SKx)                    Date:  July 8, 2020
Title:     In Re Stamps.com Inc. Stockholder Derivative Litigation

purposes be deprived of its day in court." *Argueta*, 87 F.3d at 325 (internal quotation marks omitted).

Plaintiffs first note that the Delaware Chancery Court action cannot resolve all the claims asserted in this action because it contains federal claims. Even assuming that the Delaware Chancery Court could not hear those claims, the forum selection clause provides that "federal district court for the District of Delaware" shall serve as the sole and exclusive forum "if the Court of Chancery does not have jurisdiction." (Stamps Bylaws, Art. VII § 7). Therefore, the fact that the Delaware Chancery Court cannot resolve all the claims in this action is of no significance.

Plaintiffs additionally argue that it would be unfair to transfer this action to the district court for the District of Delaware because that court has stayed all proceedings in a related action and the court is likely to do so with this action. (Opposition at 5). Plaintiff reiterated this argument at the hearing. The Court expresses no opinion as to whether it would be prudent to impose a stay in this action in light of a parallel proceeding in the Delaware Chancery Court. As noted at the hearing, Plaintiffs are free to make such an argument in front of the district court for the District of Delaware. For the purposes of this Motion, the Court determines that a potential stay is not sufficient to make the enforcement of the forum selection provision unreasonable. Indeed, Plaintiffs do not cite a single case holding that the possibility of a stay is sufficient to overcome a forum selection clause, and the Court finds no reason to conclude so here.

### C.     Contravention of Public Policy

Finally, Plaintiffs have not shown that "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325 (internal quotation marks omitted).

In fact, Plaintiffs have not identified any California-specific public policy that supports keeping the action here. On the other hand, Defendants argue that there are strong reasons for trying the case in Delaware: there is another derivative case pending in that court, and the threshold question of demand futility and the merits of Plaintiffs' non-federal claims will be governed by Delaware law. (*See* Motion at 12-13.) With no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-4272-MWF (SKx)          **Date:**  July 8, 2020
Title:      In Re Stamps.com Inc. Stockholder Derivative Litigation

countervailing arguments, Plaintiffs have thus failed to show why a strong public policy would compel this Court to conclude that Stamps' forum-selection bylaw is unreasonable and unenforceable.

In sum, Plaintiffs have not met their burden of demonstrating that this is one of the "unusual cases," where the public interest factors should overcome a valid forum selection clause. *Atlantic Marine*, 571 U.S. at 64.

Accordingly, the Motion is **GRANTED.**  The Clerk of the Court is **ORDERED** to transfer this action to the United States District Court for the District of Delaware.

IT IS SO ORDERED.